Battle, J.
 

 It is a matter of regret, that a cause, involving so petty an amount of -property, should have to be sent back for a second new trial, yet, there is such a manifest error, apparent upon the plaintiff’s bill of exceptions, that we must-award him another
 
 venire de novo.
 
 The case is stated
 
 *390
 
 to have been
 
 “
 
 trover for a gun, and the question, on the trial was, whether it was sold conditional^ to one Kennedy, or pledged to him by defendant.” Now, there was a clear mistake, in saying that the question was, whether it was a conditional sale or a pledge to Kennedy. Supposing the defendant, Sasser, to have bought the gun, as testified by the witness Rest, he certainly could not have pledged it to Kennedy, for instead of his owing Kennedy any thing, the latter was the debtor for the repairs of the gun. If the defendant became the absolute owner by his purchase, he might have sold it conditionally to Kennedy, and then the plaintiff would have acquired no title by his purchase from the latter ;
 
 Ellison
 
 v. Jones, 4 Ire. Rep. 49 ;
 
 Ballew
 
 v. Sudderth, 10 Ire. Rep. 176. His Honor’s instruction upon the legal effect of Rest’s testimony would have been right, had he stated the question properly, which was, that if the sale to Kennedy Avas only conditional, the plaintiff could not recover. Rut the mistake in stating the question, arising upon Rest’s testimony, was well calculated to mislead the jury, and no doubt did mislead them, when taken in connection with what his Honor told them in relation to the testimony of the other witness, Ausement. That testimony tended to show, that the gun was pledged instead of being sold to the defendant, Sasser, and that the latter was to keep it until Kennedy should repay him the money, which he had advanced, to pay for the repairs, to Ausement. If it were only pledged to the defendant by Kennedy under the arrangement of the parties, then his delivery of it to Kennedy was a waiver of his lien, and the plaintiff acquired a good title in trading for the gun with Kennedy, as we decided when the case was. before us at December term, 1856. See 4 Jones’ Rep. 43. His Honor, however, instructed the jury, that the testimony of this witness was not clear in the statement of facts, and that if the jury understood him to say that it was a pledge, the plaintiff was entitled to their verdict, but if a conditional sale, they must find for the defendant. Pledge or conditional sale to whom? Why, to Kennedy, as the Judge had stated in the beginning of the case, whereas,
 
 *391
 
 in trutli, Ausement’s testimony presented no question between u pledge and a conditional sale to Kennedy.
 

 The proper charge should, as we conceive, have been that, if the jury believed that Best gave the true account of the transaction, then the defendant was the absolute purchaser of the gun from Ausement, and sold it conditionally to Kennedy, and the plaintiff acquired no title by his purchase from him. But if they placed more reliance on Ausement’s testimony, and inferred from it, that the gun was pledged to the defendant by Kennedy, under the arrangement by which the price of the repairs was paid to the witness, then the delivery of the gun to Kennedy, by the defendant, deprived him of his lien for the pledge, and the plaintiff got a good title from Kennedy.
 

 Eor the errors committed by his Ilonor, in the particular above referred to, the judgment must be reversed, and a new trial granted.
 

 Pee CueiaM, Judgment reversed.